# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAYTON WOODRUM, ARMANDO ) <br> MARTINEZ, KENNETH L. THOMAS, ) <br> and MIKE L. SHANNON, on behalf ) <br> of themselves and all others similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> INTEGRIS HEALTH, INC., ) <br> ) <br> Defendant. ) | NO. CIV-05-1224-HE |

## ORDER

Plaintiffs Clayton Woodurm, Armando Martinez, Kenneth Thomas, and Mike Shannon filed a putative class action against defendant Integris Health, Inc., asserting, among other claims,[1] breach of contract claims. Defendant has moved for summary judgment on plaintiffs' breach of contract claims.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and…the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence and any reasonable inferences that might be drawn from it are viewed in the light most favorable to the nonmoving party. Davidson v. America Online, Inc., 337 F.3d 1179, 1182 (10th Cir. 2003). "However, where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the

---

[1] *The court has previously disposed of all other claims alleged by plaintiffs.*

existence of an element essential to that party's case in order to survive summary judgment." McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998) (internal quotation omitted). Having applied the Rule 56 standard to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," Jeffries v. Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998) (internal quotation and citation omitted), the court concludes the defendant's motion should be granted.

## BACKGROUND

Each plaintiff entered into a written contract for, and received, medical treatment from defendant. Defendant billed each plaintiff for the treatment it provided. Plaintiff Clayton Woodrum was charged $49,549.73. Plaintiff Armando Martinez was charged $3,515.02. Plaintiff Mike Shannon was charged $6,793.69. Plaintiff Kenneth Thomas was charged $1,431.00. Defendant's brief, exhibits 7-10. The contracts between the parties state, in pertinent part, "The undersigned understands that the patient...is responsible for the payment of all charges of the Hospital relating to services rendered by the Hospital to the patient that exceed any third party coverage..." Defendant's brief, exhibit 1. Plaintiffs Martinez and Thomas have paid nothing towards their accounts with defendant. Defendant's brief, exhibits 7 & 8. Plaintiff Shannon has paid $150.00. Defendant's brief, exhibit 9. Plaintiff Woodrum subsequently negotiated with defendant, resulting in an agreement that he would pay $37,000.00 in full satisfaction of the amounts owed defendant. Defendant's brief, exhibit

11. Plaintiff Woodrum has paid in full his obligation to defendant under this subsequent agreement. Defendant's brief, Exhibit 10.

## **DISCUSSION**

### I.  Plaintiff Woodrum's Breach of Contract Claim

Plaintiff Woodrum brings his breach of contract claim based on the original contract between the parties. However, it is undisputed that plaintiff Woodrum and defendant negotiated and entered into a subsequent agreement concerning the amount and payment of his debt. Under Oklahoma law, an accord arises where, pursuant to an agreement of the parties, one party agrees to accept less in satisfaction of a debt than that party otherwise claims to be entitled to. The resolution of a dispute as to the amount owed constitutes consideration for the agreement. Upon performance of the agreement, it becomes an accord and satisfaction, which serves to discharge the contractual obligations spelled out in the original contract. Hodges v. Anderson Drilling Co., 465 P.2d 784, 787 (Okla. Civ. 1969). The effect of an accord and satisfaction is to bar all subsequent causes of action for breach based on the original contract. Morrow Development Corp. v. American Bank & Trust Co., 875 P.2d 411, 415 (Okla. 1994). Here, it is undisputed that defendant charged plaintiff Woodrum $49,549.73, that plaintiff and defendant agreed that plaintiff would pay and defendant would accept $37,000.00, and that this agreement has been performed by the parties. Plaintiff Woodrum disputed that the $49,549.73 amount was due and owing.[2] The

---

[2] *Plaintiff Woodrum concedes that this amount was disputed, stating "Mr. Woodrum and Integris agreed to the payment of his hospital debt but as to the issue of reasonableness of the*

undisputed facts thus establish the subsequent agreement between plaintiff Woodrum and defendant, which operated as an accord and satisfaction barring any subsequent action for breach on the original written contract. Therefore, defendant is entitled to summary judgment on plaintiff Woodrum's breach of contract claim.

## II.     Plaintiffs Martinez', Shannon's, and Thomas' Breach of Contract Claims

Under Oklahoma law, a plaintiff asserting a breach of contract claim must show "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001). It is undisputed that written contracts between the parties existed. Even if the court assumed that defendant breached its contracts with plaintiffs Martinez, Shannon, and Thomas by allegedly charging them more than the reasonable value of the services provided to them, defendant is still entitled to summary judgment on plaintiffs' breach of contract claims because plaintiffs have not produced evidence that they incurred damages as a result of the alleged breach. Plaintiffs have not asserted that they have paid defendant more than the reasonable value of the services provided to them. Plaintiffs Martinez and Thomas have paid nothing to defendant. While plaintiff Shannon has paid defendant $150.00, there is no basis for concluding that amount exceeded the reasonable value of the services even under plaintiff's view of the case.

In their response plaintiffs assert that "[e]ven though unpaid, the medical bills still

---

*charges, a dispute remains." Plaintiffs' response, p. 9.*

loom as liabilities and detrimentally affect the Plaintiffs (sic) lives. As a result of the outstanding debt, collections actions are undertaken against the uninsured individuals to recover exorbitant billing and credit reports frequently display the outstanding medical bills." Plaintiffs' response, p. 8. Plaintiffs further state "it also results in indirect financial harm to many uninsured individuals." *Id.* In support, plaintiffs cite a study showing that medical debt causes housing problems and has lead to individuals having to work increased hours and being denied employment. Last, plaintiffs assert "unconscionable and discriminatory billing of the uninsured also has severe and adverse health consequences." *Id.* Plaintiffs rely on a study showing that individuals with medical debt delay getting necessary medical treatment because of their unpaid medical bills, with some individuals saying they were asked to pay cash up front before receiving treatment and some saying they were denied treatment altogether.

While plaintiffs may have shown that it is possible to suffer damages as a result of simply being charged too much (as opposed to actually paying too much), plaintiffs have failed to offer any evidence that they actually suffered such damages. Nowhere in plaintiffs' response or the supporting material attached thereto is there any showing that Martinez, Shannon, or Thomas has been the subject of a collection action, had his debt appear on his credit report, suffered housing problems, had to work increased hours, or been denied employment. Indeed, defendant has explicitly waived any claim it might otherwise have had against these plaintiffs. Defendant's brief, p. 2, fn. 5. Similarly, there is no indication they have delayed getting medical treatment, been asked to pay cash before treatment, or been

5

denied treatment as a result of defendant's alleged breach. Plaintiffs must do more than show the possibility of damages as a result of defendant's alleged breach or that others have suffered damage as a result of similar breaches. They must put forth evidence that they incurred damages themselves.

As there is no evidence of damages to plaintiffs Martinez, Shannon and Thomas from the alleged breach, summary judgment is appropriately entered in defendant's favor on their claims.

Accordingly, defendant's motion for summary judgment [Doc. # 44] is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 24th day of January, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE